IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY C. BEAVER,                    :        CIVIL ACTION NO. **4:CV-13-1019**
                                      :
          Plaintiff                   :
                                      :        (Judge Brann)
     v.                               :
                                      :        (Magistrate Judge Blewitt)
FUEL UP,                              :
                                      :
                                      :
          Defendant                   :

## MEMORANDUM AND ORDER

On April 18, 2013, Plaintiff, Anthony C. Beaver, a resident at Apt. 4, 390 Mill Street, Mifflinburg, Union County, Pennsylvania, 17844, filed, *pro se,* a 2-page handwritten form Complaint alleging that he worked for Defendant Fuel Up, located at 415 North Derr Drive, Lewisburg, Pennsylvania, 17837, and that he was removed from the work schedule after he complained about being forced to pay for "shortages and drive offs." (Doc. 1). It appears Plaintiff is alleging that he worked at Defendant's gas station for minimum wage and that after he complained to Defendant about being made to pay for shortages in payments for gas as well as being made to pay for people who drove away without paying after pumping gas, and told Defendant that this violated the Federal Labor Law, Defendant removed him from the work schedule. Thus, Plaintiff indicates that he was constructively terminated by Defendant as retaliation for his complaint about Defendant's policy which he believed violated federal employment law.

As relief, Plaintiff requests the Court to take action to protect Federal Labor Law and award him "such sum of monies as [the Court] sees fit."

Plaintiff does not give any time frame with respect to his federal employment claim. Nor

does Plaintiff state the personal involvement of any employee or representative of Defendant with respect to his claim. Further, Plaintiff does not cite to any federal statute regarding his employment claim.

Plaintiff also filed a form Motion to proceed *in forma pauperis*. (Doc. 2). Plaintiff indicates that he is not employed, he receives $1,248.00 per month in Social Security Disability payments, that his only account has a balance of $00.06, and that he only owns a car with an unspecified value.

Plaintiff did not submit a Civil Cover Sheet when he filed his Complaint. The Clerk of Court indicated on the docket that this Court's jurisdiction over Plaintiff's case was based upon a federal question under 28 U.S.C. §1331, Fair Labor Standards.[1]   It seems that Plaintiff's sole cause of action is  wrongful termination of his  employment as  retaliation for his complaint about Defendant's policy which he believed violated federal employment law.

We construe Plaintiff as claiming retaliation under §215(a)(3) of the fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"), by his former employer, Defendant Fuel Up. *See Dougherty v. Ciber, Inc.*, 2005 WL 2030473 (M.D. Pa. July 26, 2005). In *Dougherty v. Ciber, Inc.*, 2005 WL 2030473, *2, the Court stated:

> The Fair Labor Standards Act, enacted by Congress on June 25, 1938, has three main components. It establishes a minimum wage, requires overtime pay for any hours exceeding forty per week, and limits the employment of children. 29 U.S.C. §§ 206, 207, 212. Further, the FLSA includes an anti-

---

[1]Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

retaliation provision that protects employees who report violations of the FLSA by making it unlawful for any person to:

[D]ischarge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). The elements of a retaliation claim under the FLSA require, at a minimum, a showing that: (1) the plaintiff engaged in a statutorily protected activity; (2) the employer took adverse action subsequent to, or contemporaneous with, such employee activity; and (3) there is a causal connection between such activity and the employer's action. *Kachmar v. SunGard Data Sys., Inc.,* 109 F.3d 173, 177 (3d Cir.1997) (discussing elements of discriminatory retaliation in context of Title VII claim); *see also Claudio-Gotay v. Becton Dickinson Caribe, Ltd.,* 375 F.3d 99, 102 (listing the same elements for a retaliation claim under the FLSA).

In the *Dougherty* case, the Court indicated that informal complaints to employers regarding a violation of the FLSA can be considered protected activities under §215(a)(3). 2005 WL 2030473, *3-*4.

As indicated, Plaintiff is proceeding *pro se* and he filed an Application for Leave to Proceed *in forma pauperis.* (Doc. 2). Thus, we are obliged to screen his Complaint. Section 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.,* 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.,* 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith,* 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

With respect to Plaintiff's Complaint and its 2-sentence statement of claim, we find that it is deficient. Plaintiff's Complaint has not yet been served on Defendant and the Court has not yet ruled on his Motion to proceed *in forma pauperis*. As mentioned, we find that Plaintiff invokes the jurisdiction of this Court based upon federal question, 28 U.S.C. § 1331, since his Complaint alleges wrongful termination in the nature of a retaliation claim under the FLSA. We liberally construe the *pro se* Plaintiff's Complaint and find that Plaintiff has not sufficiently stated a federal employment claim.

Therefore, we find that Plaintiff Beaver's Complaint is not in conformance with Rule 8. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

Specifically, we find that Plaintiff Beaver's pleading does not meet the stated elements required for a federal employment claim under the FLSA. Plaintiff must also state the dates of the alleged unlawful conduct. We will direct Plaintiff to file an Amended Complaint. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See*

*Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Third Circuit Court cited to the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly*, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

We find that Plaintiff Beaver's Complaint lacks sufficient allegations as to the Defendant and what this Defendant did to violate the FLSA.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

In order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which it rests. Even taking into account the fact that Plaintiff is proceeding *pro se*, her Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of Defendants about which Plaintiff is complaining. Accordingly, Plaintiff will be directed to file an amended complaint.

Plaintiff is also reminded that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without

6

reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Plaintiff's amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1).

If Plaintiff fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: April  /9  , 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY C. BEAVER,                    :    CIVIL ACTION NO. **4:CV-13-1019**
                                      :
      Plaintiff                 :
                                      :    (Judge Brann)
      v.                        :
                                      :    (Magistrate Judge Blewitt)
FUEL UP,                              :
                                      :
      Defendant                 :

## ORDER

**AND NOW**, this _19_ day of **April, 2013, IT IS HEREBY ORDERED THAT:**

1. Plaintiff Beaver is directed to file an Amended Complaint within **fifteen (15) days** of the date of this Order.

2. Plaintiff's Amended Complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint."

3. Plaintiff's Amended Complaint shall be complete in all respects as specified above. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. The amended complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure. Fed.R.Civ.P. 8(e)(1).

4. Failure of Plaintiff to timely file his Amended Complaint will result in a recommendation that his action be dismissed.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: April _19_ , 2013

8